NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50066 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02771-AJB-2 |
| v. | |
| JASON WILD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted November 13, 2017[**]
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EATON,[***] Judge.

Jason Wild, a former United States Marine Corps reservist, appeals his jury conviction for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Wild waived any arguments he might have had against the prospective juror's removal for cause. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). When considering whether to remove the prospective juror because of his admitted difficulty with English, the district court asked defense counsel for his thoughts. Defense counsel not only stated that he had no objection to the removal, but also that he had no *Batson*[1] objections. We thus find that Wild's jury-selection claims were waived. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

2. The district court properly denied Wild's motion for acquittal under Federal Rule of Criminal Procedure 29 because the government produced sufficient evidence for a rational juror to find that (1) that there was a single, continuous conspiracy to defraud the Department of Defense between 2006 and 2010, and (2) that Wild participated throughout the conspiracy. *See United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004); *see also United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) ("In ruling on a Rule 29 motion, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072–73 (9th Cir. 1995) (emphasis in original))).

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

**AFFIRMED.**